UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   Respondent, )<br>)<br>v. )   No. 2:05-CR-99<br>)<br>)<br>JAMAL LLOYD, )<br>   Petitioner. ) | |

**MEMORANDUM AND ORDER**

  This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 30]. The defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 780 and 782 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 32]. The motion will be GRANTED in part.

  The defendant was convicted of participating in a conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and laundering of monetary instruments, in violation of 18 U.S.C. §§ 1956(h). He was held accountable for at least 15 kilograms but less than 50 kilograms of cocaine resulting in a base offense level of 34. The base offense level was increased by two levels due to the defendant's role in the conspiracy and decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 33. The defendant's criminal history category was V. At the time of her sentencing, the defendant's advisory guidelines range was 210 months to 262 months. The United States filed a motion for downward departure pursuant to USSG § 5K1. The Court granted this motion and the defendant was

1

ultimately sentenced to 192 months as to both the drug offense and the money laundering offense to run concurrently for a total net sentence of 192 months.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If she is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances.

*Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, the defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B).

Applying Amendment 782, the defendant's base offense level for both the drug offense and the money laundering offense (which derives the offense level from the Drug Quantity Table) are lowered two-levels to 32. This offense level is then increased by two for the defendant's role in the offense and decreased by three levels for acceptance of responsibility, resulting in a total adjusted offense level of 31. An offense level of 31 combined with a criminal history category of V results in an amended guidelines range of 168 to 210 months. The defendant received a nine-percent reduction from the bottom of his original guideline range for his substantial assistance to the government. The defendant requests a nine-percent reduction from the bottom of the amended guidelines range which would result in an amended sentence of 153 months.[1]

---

[1] The defendant's motion requests a nine-percent reduction from 168 months but calculated that such a reduction results in an amended sentence of 154 months. The Court presumes this was a calculation error.

The relevant factors here demonstrate that a reduction is appropriate but that the reduction should be less than that requested by the defendant. First is the seriousness of the defendant's criminal conduct in this matter. The defendant was ultimately held accountable for at least 15 kilograms of cocaine. In addition, the defendant was responsible for the transport of kilogram quantities of cocaine from New York to this district for distribution for approximately two years. Additionally, the defendant was convicted of conducting financial transactions in an effort to conceal the proceeds of his illegal drug trafficking.

The defendant's criminal history is also an important consideration. The defendant had already been convicted in state court of a prior drug offense and assaultive offenses including breaking and entering, assault on a female, and communicating threats. Further, the instant offenses were committed while the defendant was under a probationary sentence for the state court breaking and entering, assault, and communicating threats convictions. Further, the Court may consider the defendant's post-sentencing conduct while in the Bureau of Prisons. The defendant has received multiple sanctions while in the custody of the Bureau of Prisons for various rule violations. The defendant has been sanctioned for refusal to obey an order, abusing phone privileges, giving and/or accepting money without authority, and assault on another individual. The most recent assault sanction is particularly concerning given the defendant's prior history of assaultive behavior.

The Court will, however, in the exercise of its discretion, and in light of the defendant's post-sentencing efforts at rehabilitation, including obtaining a General Educational Development Degree, grant some additional reduction in the case. Therefore, the defendant's motion is GRANTED, and his sentence is reduced to 160 months as to both the drug offense and the money laundering offense to run concurrently for a total net sentence of 160 months.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE